UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-CV-08779-RGK-KS | Date | January 8, 2026 |
|---|---|---|---|
| Title | H. Ty Warner v. Santa Barbara Museum of Natural History | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 12]

## I.  INTRODUCTION

On September 16, 2025, H. Ty Warner ("Plaintiff") filed an action against Santa Barbara Museum of Natural History, Inc. ("Defendant") alleging (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) negligent misrepresentation; and (5) unjust enrichment. (ECF No. 1.)

By way of the current motion, Defendant seeks dismissal of this action. (ECF No. 12.) For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** the action in its entirety.

## II.  FACTUAL BACKGROUND

Plaintiff alleges the following in the Complaint:

On April 20, 2004, Plaintiff and Defendant entered into a donation agreement (the "Agreement"), whereby Plaintiff agreed to donate $1,500,000 in exchange for the right to name Defendant's Santa Barbara Museum of Natural History Sea Center (the "Sea Center"), which is a visitor center for the Santa Barbara Channel Marine Sanctuary. As part of the Agreement, Defendant agreed to name the Sea Center the "Santa Barbara Museum of Natural History Ty Warner Sea Center." The agreed naming opportunity was for the life of the structure, or thirty-five (35) years, whichever came first, but in no event less than twenty-five (25) years from the date of the gift. Defendant also reserved the right to terminate the Agreement in the event Plaintiff became subject to or was found guilty of prosecution.

In 2013, Plaintiff pled guilty to one count of tax evasion and was sentenced in 2014. On June 27, 2014, Defendant sent Plaintiff a letter stating that it was electing to exercise its right to terminate the Agreement and remove Plaintiff's name from the Sea Center effective immediately. In the same letter, Defendant stated that it would represent to the public that the name change was part of the revitalization

UNITED STATES DISTRICT COURT　　　　　　　　　　　JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-CV-08779-RGK-KS | Date | January 8, 2026 |
|---|---|---|---|
| Title | *H. Ty Warner v. Santa Barbara Museum of Natural History* | | |

plan to strengthen the connection between the Santa Barbara Museum of Natural History and the Sea Center. Plaintiff alleges that he could not discern the true reason for removing his name from the Sea Center, and that Plaintiff believed that Defendant would be open to restoring Plaintiff's name on the Sea Center at a later date.

Pursuant to the letter, Defendant thereafter removed Plaintiff's name from the building and its marking materials and rebranded the Sea Center as the "Santa Barbara Museum of Natural History." On December 18, 2024, Plaintiff wrote to Defendant to request a "final answer" on whether Defendant would consider restoring Plaintiff's name on the Sea Center. Defendant responded the next day stating that it was unwilling to reconsider its prior decision. On May 16, 2025, Defendant sent a letter to Plaintiff to inquire about a donation in excess of $50 million in exchange for a plaque on the Sea Center's interior wall. Thereafter, Plaintiff realized Defendant's true motive for renaming the Sea Center in 2014, which Plaintiff alleges had nothing to do with Plaintiff's previous criminal conviction, and that Defendant never intended to reconsider its decision to remove Plaintiff's naming rights. On September 16, 2025, Plaintiff commenced this action.

### III.　JUDICIAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed when the plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept all of the factual allegations in the complaint as true. *Barker v. Riverside Cnty Office of Edu.*, 584 F.3d 821, 824 (9th Cir. 2009). A pleading must contain sufficient factual matter that, accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations. *W. Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, "When the running of the statute [of limitations] is apparent from the face of the complaint . . . then the defense may be raised by a motion to dismiss." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)

### IV.　DISCUSSION

Defendant moves to dismiss all claims because the statute of limitations has run. Plaintiff opposes, arguing that the discovery rule and other theories apply.

UNITED STATES DISTRICT COURT                                                   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-CV-08779-RGK-KS | Date | January 8, 2026 |
|---|---|---|---|
| Title | *H. Ty Warner v. Santa Barbara Museum of Natural History* | | |

**A.      Application of the Statute of Limitations**

Plaintiff makes five claims: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) negligent misrepresentation; and (5) unjust enrichment. Each of these claims has a statute of limitations of four years or fewer. *See* Cal. Civ. Proc. Code 337 (four-year statute of limitation for a breach of written contract); *Archdale v. Am. Internat. Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449 (2007) (holding four-year statute of limitations for an action based on breach of implied covenant of good faith and fair dealing based on contract); *LeBrun v. CBS Television Studios, Inc.*, 68 Cal. App. 5th 199, 201 n.2 ("The statute of limitations applicable to fraud claims in California is three years"); *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1316 (2007) ("[A] cause of action for negligent misrepresentations typically is subject to a two-year limitations period."); *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 348 (2008) ("An unjust enrichment . . . action . . . is governed by the three-year statute of limitations for actions based on fraud or mistake.").

The Complaint plainly admits that "[i]n 2014 . . . the Sea Center reneged on its agreement." In California, "a cause of action accrues at the time when the cause of action is complete with all its elements." *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 741 (2007) (internal quotations omitted). At the time Defendant allegedly reneged on its agreement in 2014, all of the elements for all five causes of actions had accrued, as they arise out of alleged violated agreement. Under the maximum statute of limitations, which would be four years for breach of written contract, Plaintiff was required to bring his claims no later than 2018. Instead, Plaintiff brought his claims in 2025, which is nearly seven years too late.

Defendant asks the Court to take judicial notice that Defendant removed Plaintiff's name from the Sea Center no later than March 26, 2015, which is substantiated by a newspaper article. (*See* Def.'s Req. Jud. Notice, ECF No. 12-2.) However, the Court need not take judicial notice of said date because Plaintiff has already admitted that his causes of action accrued in 2014, when the Sea Center allegedly reneged on its agreement and allegedly engaged in misrepresentation. (*See* Compl. ¶¶ 5, 30.)

The Court finds that all of Plaintiff's claims are barred by the applicable statute of limitations and that none of Plaintiff's other theories tolled the statute of limitations.

**B.      The Discovery Rule**

"Under California's discovery rule, the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause." *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1120 (9th Cir. 1994). However, the discovery rule only delays accrual "until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). A plaintiff is charged with presumptive knowledge of an injury if they have "information of

UNITED STATES DISTRICT COURT                                      JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-CV-08779-RGK-KS | Date | January 8, 2026 |
|---|---|---|---|
| Title | *H. Ty Warner v. Santa Barbara Museum of Natural History* | | |

circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] investigation." *Id*. at 807–08 (internal quotations omitted). In order to invoke the discovery rule, therefore, a plaintiff must plead facts that show (1) the time and manner of discovery of the injury and (2) the inability to have made earlier discovery despite reasonable diligence. *Id*. at 808. The burden is on the plaintiff to show diligence. *Id*.

Here, the Complaint is unclear as to why Plaintiff could not have discovered the injury despite reasonable diligence. For example, the Complaint admits that "[Defendant] reneged on its agreement" in 2014 and that such a removal was due to "[Plaintiff] pleading guilty to one count of tax evasion" or "the rebranding . . . effort to bring the Museum of Natural History and the Sea Center closer together, as the tenth anniversary . . . approached." (Compl. ¶ 5.) The Complaint therefore clearly states that Plaintiff knew that Defendant removed his name from the Sea Center in 2014, although Plaintiff was allegedly unsure of the reason for the removal of his name. (*See id*.). However, even if Plaintiff did not know the reasons for removal, Plaintiff still was on notice that Defendant removed his name from the Sea Center, which forms the basis for his alleged breach of contract claims. Furthermore, the Complaint goes on to state that "[i]n December 2024, [Plaintiff] was reviewing his charitable contributions and contacted the Sea Center to request a final answer regarding the restoration of his name to the Sea Center." (Compl. ¶ 6). This emphasizes that Defendant knew that his name was going to be removed from the Sea Center in 2014.

The fact that Plaintiff knew about the removal of his name charges him with presumptive knowledge of his breach of contract and unjust enrichment claims in 2014. Furthermore, Plaintiff could have conducted a reasonable investigation into the purported motive for the breach, which would have revealed the basis for Plaintiff's claims for misrepresentation. The Complaint alleges that "[Plaintiff] could not determine whether the rebranding effort may have been the true reason for removing his name." (Compl. ¶ 5.) However, at that point, Plaintiff, using reasonable diligence after knowing that his name would be removed, could have clarified with the Sea Center or investigated further the motive behind removing his name and whether the name removal was permanent. This exercise would have revealed any basis for his misrepresentation causes of action. Instead, Plaintiff waited until 2024, ten years later, to inquire further. The Complaint is devoid of any information that would show that Plaintiff exercised reasonable diligence between 2014, when he found out about the removal of his name, to 2024, when he first inquired further with Defendant.

Unlike the plaintiff in *El Pollo Loco v. Hashim*, 316 F.3d 1032 (9th Cir. 2003), who could not discover the breach in the first place because of fraud, Plaintiff knew of the alleged breach—the removal of his name—when Defendant reneged on its agreement. Additionally, Plaintiff could have conducted a further reasonable investigation into the motive of said breach earlier than 2024. Thus, the Court finds that Plaintiff fails to make the requisite showing that he could not have made earlier discovery despite reasonable diligence, and Plaintiff is unable to invoke the delayed discovery rule.

UNITED STATES DISTRICT COURT                                JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-CV-08779-RGK-KS | Date | January 8, 2026 |
|---|---|---|---|
| Title | *H. Ty Warner v. Santa Barbara Museum of Natural History* | | |

The next question the Court must address is whether Plaintiff's claims are time-barred, as Plaintiff cannot benefit from the delayed discovery rule.

**C.      None of Plaintiff's Other Theories Apply**

In his Opposition, Plaintiff argues several tolling theories rescue his claims from being time barred: the continuing violations doctrine, the continuing accrual doctrine, and anticipatory repudiation. The Court finds that each do not apply.

First, Plaintiff argues that the continuing violations doctrine applies and tolls the statute of limitations. The continuing violations doctrine applies when the injuries are "the product of a series of small harms, any one of which may not be actionable on its own," from which "allegations of a pattern of reasonably frequent conduct" may "justify treating the acts as an indivisible course of conduct actionable in its entirety," even if some of the conduct is outside the statute of limitations period. *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1197–98 (2013). Plaintiff seems to claim that the continuing violations doctrine should apply because Defendant engaged in a series of small harms throughout their donor-donee relationship. (Opp. at 13, ECF No. 20.) However, the continuing violations doctrine does not apply when there is a "series of discrete, independently actionable wrongs." *Aryeh*, 55 Cal. 4th at 1198. As stated in the Complaint, Plaintiff's causes of actions are each independently actionable and arise only from one discrete event, the alleged breach of contract when Defendant informed Plaintiff of the removal of his name. Harm that results from one wrong, the removal of Plaintiff's name, does not constitute a pattern of small harms necessary for the continuing violations doctrine to apply. Accordingly, the continuing violations doctrine is inapplicable.

Second, Plaintiff argues that the continuous accrual should apply to toll the statute of limitations because Defendant had a recurring obligation to keep Plaintiff's name as part of the name of the Sea Center for the period of the contract, and that Defendant committed a series of severable breaches each time it failed to reinstate Plaintiff's name. Under a theory of continuous accrual, "a series of wrongs or injuries may be viewed as each triggering its own limitations period." *Id*. at 1192. The continuous accrual applies generally when there is a continuing or recurring obligation. *Id*. at 1199. However, in the contract context, continuous accrual generally only applies to divisible contracts, such as installment contracts, "diverse contractual arrangements as leases with periodic rental payments," and "contracts calling for periodic, pension-like payments on an obligation with no fixed and final amount." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1388 (2004). These contracts result in periodic breaches, which are "distinguished from that of a single breach or other wrong which has a continuing impact," and are also distinguished from "breach of an *entire* contract, though performance of that contract may involve 'the rendering of benefits to the plaintiff before the date for final performance.'" *Id*. at 1389 (citing *Lubin v. Lubin*, 144 Cal. App. 2d 781, 791 (1956)).

UNITED STATES DISTRICT COURT       JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-CV-08779-RGK-KS | Date | January 8, 2026 |
|---|---|---|---|
| Title | *H. Ty Warner v. Santa Barbara Museum of Natural History* | | |

Here, this case involves a single contract with a single alleged breach. The parties' contract is unlike an installment contract, which obliges discrete, recurring obligations. Rather, there was only one obligation in the contract: for Plaintiff's name to be part of the Sea Center as long as the terms were followed under the contract. Plaintiff suffered an alleged discrete harm when his name was removed from the Sea Center. While Plaintiff may have suffered a wrong that had a continuing impact, Plaintiff did not suffer *a series* of independent harms that is necessary for application of the continuous accrual doctrine. Accordingly, continuous accrual does not apply.

Finally, Plaintiff argues that anticipatory repudiation tolls the statute of limitations because Defendant's letter indicating the removal of Plaintiff's name constituted an anticipatory breach and therefore Plaintiff could have waited until the end date of the contract, April 23, 2030, to sue. However, an essential element of anticipatory repudiation is that the contract is repudiated by the promisor "before the promisor's performance under the contract is due." *Cent. Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501, 514 (2008). However, Defendant did not anticipatorily repudiate the contract because in this case, repudiation occurred during the course of performance, as performance was immediate and continual under the contract. At the time Defendant announced the removal of Plaintiff's name, Defendant would have committed an actual breach of the contract, if such actions constituted a breach, by withholding actual performance at the time it was due. *See Hewlett-Packard Co. v. Oracle Corp.*, 65 Cal. App. 5th 506, 552–54 (holding an actual breach occurred instead of an anticipatory breach when a defendant did not perform continuing contractual obligations). Thus, anticipatory repudiation also does not apply to toll the statute of limitations.

## V.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's claims are time-barred by the applicable statutes of limitations. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** the action in its entirety. All deadlines and hearings are vacated. The Clerk shall close this action.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |